UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC<br><br>    PLAINTIFF<br><br>v.<br><br>ROBERT H. ROGERS, JR.;<br>MARY H. ROGERS<br>SECRETARY OF HOUSING AND URBAN DEVELOPMENT;<br>MAINE REVENUE SERVICES<br><br>    DEFENDANTS | Case No. 2:22-cv-00032-LEW |

**JUDGMENT OF FORECLOSURE AND SALE**
**TITLE TO REAL ESTATE IS INVOLVED**

85 Shady Lane, Wiscasset, ME 04578
Lincoln County Registry of Deeds Book 3590, Page 137

This matter came before the Court for a testimonial hearing on Plaintiff's Motion for Default Judgment on February 27, 2024. Plaintiff, Carrington Mortgage Services, LLC was present and represented by Carrie Folsom, Esq. Defendants, Robert H. Rogers, Jr. and Mary H. Rogers; Parties-In-Interest, Secretary of Housing and Urban Development and Maine Revenue Service did not appear.

The Plaintiff is the owner and holder of a certain promissory note in the original principal amount of $175,221.00 given by Robert H. Rogers, Jr. (hereinafter "Rogers") to Family First Mortgage Corp. (the "Note"). The Plaintiff is the owner and mortgagee of record of a mortgage recorded in the Lincoln County Registry of Deeds in Book 3590, Page 137 (the "Mortgage"),

1

affecting real property located at 85 Shady Lane, Wiscasset, ME 04578, more particularly described in the legal description attached to the Mortgage (the "Premises").

1. The Mortgage was assigned as follows:

   - Mortgage Electronic Registration Systems, Inc. to Bank of America, N.A. dated August 21, 2012, and recorded on August 27, 2012, in Book 4563, Page 203.

   - Bank of America, N.A. to Carrington Mortgage Services, LLC. dated November 5, 2014, and recorded on November 17, 2014, in Book 4838, Page 58.

   - Family First Mortgage Corp. to Carrington Mortgage Services, LLC. dated November 11, 2021, and recorded on November 16, 2021, in Book 5808, Page 226.

2. Mary H. Rogers, has no ownership interest in the subject property nor obligation (no personal liability pursuant to either document) under the subject note or mortgage except to the extent that she is a signatory to a loan modification agreement.

3. Rogers has breached the conditions of the Mortgage as a result of a default on the Note secured thereby.

4. Rogers has not answered or otherwise appeared in this action, and mediation thus is not required by 14 M.R.S. § 6321-A.

5. Defendants Robert H. Rogers, Jr., and Mary H. Rogers were defaulted on June 1, 2023 (ECF. No. 38).

6. As of December 1, 2023 (this loan type includes interest for the entire month and therefore remains static during each calendar month), the following amounts, exclusive of fees and costs for preparation for and attendance at trial, are owed to the Plaintiff under the terms of the Note and Mortgage:

| | |
|---|---:|
| Principal Balance | $191,559.06 |
| Accrued Interest | $ 44,357.97 |
| Escrow Overdraft | $ 21,405.82 |
| Late Charges | - |
| Title Fees | $ 325.00 |
| Inspection Fees | $ 1,000.00 |
| Prior Firm/Current FCL Attorney's Fees/Costs | $ 5,029.26 |
| Property Preservation | $     30.00 |
| Appraisal | $565.00 |
| Property Registration | $ 140.00 |
| Prior Foreclosure Attorney Fees and Costs | $500.00 |
| **Total** | **$264,912.11** |

Additional pre-judgment interest is accruing and post-judgment interest will accrue at a rate of 4.875% per annum in accordance with the Note as modified by the loan modification agreement dated December 7, 2018, recorded January 11, 2019, in Book 5344, Page 237, and § 1602-B. Plaintiff has foregone any right to a higher interest rate that may be allowable under 14 M.R.S. § 1602-C. Additional attorney's fees, real estate taxes, costs and amounts advanced to protect the security of the Mortgage may continue to accrue through the date of redemption or sale and the completion of these proceedings.

7. The order of priority of any party appearing in this action is as follows:

**First Priority:** The Mortgage held by Carrington Mortgage Services, LLC recorded in the Lincoln County Registry of Deeds in Book 3590, Page 137. The amount due the Plaintiff is as set forth above.

**Second Priority:** Secretary of Housing and Urban Development may claim an interest in the Premises by virtue of Partial Claims Mortgage dated December 7, 2018, in the amount 9,655.97 recorded on January 11, 2019, in Book 5344, Page 231. The amount owed to Secretary of Housing and Urban Development is $9,655.97 as of May 11, 2022.

**Third Priority:** State of Maine, Maine Revenue Services' lien potentially does not attach to subject property because their lien is only against Mary H. Rogers, and she has no ownership

interest in the subject property pursuant to a State Lien in the amount of $4,685.25 dated August 30, 2005, recorded on September 1, 2005 in Book 3544, Page 211, as affected by Notice of Lien Extension, dated March 3, 2015, recorded on April 1, 2015, in Book 4872, Page 197.  The amount owed to State of Maine, Maine Revenue Services is $7,277.32 including additional interest through May 15, 2022, as of February 22, 2022.

    8. The following parties were named in this action but did not answer or otherwise appear:

    Robert H. Rogers, Jr.
    Mary H. Rogers

    9. There are no public utility easements affected by this action.

    10. The names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

    a.    Carrington Mortgage Services, LLC
          1600 South Douglass Road, Suite 200-A
          Anaheim, CA 92806

    Counsel:    Carrie Folsom, Esq., #9510
                    Korde & Associates, P.C.
                    707 Sable Oaks Dr., Suite 250
                    South Portland, ME 04106
                    (207) 775-6223

    b.    Robert H. Rogers, Jr.
          85 Shady Lane
          Wiscasset, ME 04578

    Counsel:    Unknown

    c.    Mary H. Rogers
          85 Shady Lane
          Wiscasset, ME 04578

    Counsel:    Unknown

    d.    Secretary of Housing and Urban Development
          c/o United States Attorney's Office

                        100 Middle Street, East Tower, 6th Floor
                        Portland, ME 04101

      Counsel:     Andrew K. Lizotte, Esq.
                     c/o United States Attorney's Office
                     100 Middle Street, East Tower, 6th Floor
                     Portland, ME 04101

      e.           State of Maine, Maine Revenue Services
                     6 State House Station
                     Augusta, ME 04438

      Counsel:     Kaitlyn M. Husar, Esq.
                     Office of the Attorney General
                     6 State House Station
                     Augusta, ME 04333

11. The docket number for this action is 2:22-cv-00032-LEW.

12. All parties have received notice of these proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure and any order of this Court.

IT IS THEREFORE ORDERED AND ADJUDGED that:

a. Default Judgment of Foreclosure and Sale is hereby entered in favor of Carrington Mortgage Services, LLC. If Robert H. Rogers, Jr. does not pay to Plaintiff, its successors and assigns, the amount of the Plaintiff's total claim due as set forth above within the statutory 90-day period of redemption established by 14 M.R.S. § 6322, then Carrington Mortgage Services, LLC, its successors and assigns, shall sell the Premises pursuant to 14 M.R.S. § 6321 et seq., and shall disburse the proceeds of the sale, after deducting the expenses thereof, in the following order:

      First,     to Carrington Mortgage Services, LLC, its successors and assigns, as set forth above.

      Second,     to Secretary of Housing and Urban Development, its successors and assigns, as set forth above.

      Third,     State of Maine, Maine Revenue Services, its successors and assigns, as set forth above.

    Fourth,  the surplus proceeds, if any, to the Clerk of Court for the benefit of Robert H. Rogers, Jr. in accordance with 14 M.R.S. § 6324.

  b.  An execution shall issue against Robert H. Rogers, Jr. for any deficiency that may result, provided that the statutory requirements are met.

  c.  All remaining rights of the Defendant to possession shall terminate upon expiration of the statutory ninety (90) day redemption period.  If Defendant has not redeemed the mortgage by that date, Defendant is ordered to vacate the real estate at that time, and a Writ of Possession shall issue to the Plaintiff for possession of the real property upon application for the same.

  d.  The Court specifically finds that there is no just reason for delay of the entry of final judgment for the relief requested in Plaintiff's complaint, and the Clerk is directed to enter this Order as a final judgment pursuant to Rule 54.

  e.  Pursuant to 14 M.R.S. §2401(3)(F), the Clerk, if requested shall sign a certification after the appeal period has expired, certifying that the applicable period has expire without action or that the final judgment has been entered following appeal.  Carrington Mortgage Services, LLC shall be responsible for recording an attested copy of this judgment in the Waldo County Registry of Deeds and paying the recording fee.

  f.  Pursuant to Rule 79(a) this Order may be incorporated by reference on the Civil Docket.

  SO ORDERED.

  Dated this 28th day of February, 2024.

               /s/ Lance E. Walker
               UNITED STATES DISTRICT JUDGE